STEVEN B. WOLFSON
District Attorney
**CIVIL DIVISION**
State Bar No. 001565
By: **SCOTT R. DAVIS**
Deputy District Attorney
State Bar No. 010019
500 South Grand Central Pkwy., Suite 5075
Las Vegas, Nevada 89155-2215
Phone (702) 455-4761
Fax (702) 382-5178
E-Mail: Scott.Davis@ClarkCountyDA.com
*Attorneys for Defendant Clark County*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHNNY KENDRICK, <br><br> Plaintiff, <br><br> vs. <br><br> CLARK COUNTY, a political subdivision of the State of Nevada, <br><br> Defendant. | Case No:2:18-cv-00781-JAD-GWF <br><br> **STIPULATION AND PROPOSED PROTECTIVE ORDER** |

Plaintiff Johnny Kendrick, by and through his counsel of record, Victoria L. Neal, Esq. of the law firm Kemp & Kemp and Defendant Clark County, by and through its attorney Deputy District Attorney Scott Davis hereby agree and stipulate as follows:

1. The parties enter into this Stipulation and Protective Order under Federal Rule of Civil Procedure 26(c) to establish procedures for the handling of documents produced by the parties in response to discovery requests.

2. This Stipulation and Protective Order establishes the parameters for disclosure and use of confidential documents. The categories of documents subject to this Stipulation and Protective Order are those documents that are considered to be confidential documents pursuant to federal, state or local law, including without limitation:

    a. Employee personnel files of Clark County employees. Clark County Ordinance 2.40.040; Clark County Merit Personnel Policy I § III(F).

  b. Investigation Files of the Clark County Office of Diversity. Nev. Rev. Stat. 613.075; Nevada Local Government Retention Schedule LRDA # 20071323.[1]

3. Any party may designate and mark documents that the party believes to be within the scope of this Stipulation and Protective Order and that produced in response to discovery requests as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER." The party designating such documents shall be referred to as the Designating Party and any party in receipt of such documents shall be referred to as the Receiving Party. Documents so marked may be used only for purposes of this litigation.

4. Except as otherwise ordered by this Court, documents marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" and the contents of documents so marked may be disclosed only to employees or agents of Clark County, Nevada, and the following persons:

  (a) counsel of record for Plaintiff and Plaintiff;

  (b) counsel of record for Defendants;

  (c) the non-technical and clerical staff employed by counsel of record;

  (d) interpreters and copying services employed by counsel of record's employer to the extent reasonably necessary to render professional services in this case;

  (e) any private court reporter retained by counsel for depositions in this case;

  (f) subject to the terms of paragraph 5, persons retained by counsel to serve as expert witnesses or consultants in this case; and

  (g) personnel of the Court, including court reporters, officials and employees of the Clerk of Court, and staff of the presiding United States District Judge and United States Magistrate Judge, to the extent deemed necessary by the Court.

5. If counsel for a Receiving Party determines that it is necessary to disclose any document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" to any persons other than the individuals included in paragraph 4, that counsel shall set forth the grounds for the disclosure and seek the written consent of counsel for the Designating Party,

---

[1] Available at http://nsla.libguides.com/ld.php?content_id=45754235

1  or if during a deposition, shall seek consent on the record. The Designating Party shall
2  respond to the Receiving Party's request within seven calendar days unless the Receiving
3  Party agrees to a longer period. If counsel for the Designating Party does not consent,
4  counsel for the Receiving Party and counsel for the Designating Party shall within five court
5  days of the Designating Party's response meet and confer in person or telephonically
6  regarding the issue, during which meeting and conference counsel for the Receiving Party
7  shall specify the reasons why disclosure is necessary. If any agreement is not reached, the
8  Designating Party shall move the Court within the ten calendar days of the meeting and
9  conference for a protective order preventing disclosure. The Receiving Party shall not
10 disclose the document unless the Designating Party has failed to file a motion within the
11 time allowed or the Court has denied the motion.
12 6.     If counsel for the Receiving Party determines that it is necessary to disclose any
13 document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" to an
14 expert or consultants retained to render professional services in this case, that counsel shall
15 notify counsel for the Designating Party in writing at least seven days before the proposed
16 disclosure with the name of the expert or consultant. The Designating Party shall respond to
17 the Receiving Party's notification within seven calendar days unless the Receiving Party
18 agrees to a longer period. If counsel for the Designating Party objects, counsel for the
19 Receiving Party and counsel for the Designating Party shall within five court days of the
20 Designating Party's response meet and confer in person or telephonically regarding the
21 issue. If an agreement is not reached, the Designating Party shall move the court within ten
22 calendar days of the meeting and conference for a protective order preventing disclosure.
23 The Receiving Party shall not disclose the document unless the Designating Party has failed
24 to file a motion within the time allowed or the Court denies the motion.
25 7.     Any party may object to the propriety of the designation of documents as
26 "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" by objecting and setting
27 forth in writing the grounds for the objection. The Designating Party shall respond to the
28 Receiving Party's objection within seven calendar days unless the Receiving Party agrees to

1  a longer period. If an agreement is not reached, counsel for the Receiving Party and counsel
2  for the Designating Party shall within five court days of the Designating Party's response
3  meet and confer in person or telephonically, during which meeting and conference counsel
4  for the Receiving Party shall specify the grounds for objection with respect to each document
5  at issue. If the parties cannot agree, then the Designating Party will then have ten calendar
6  days after the conference of counsel to file a motion to preserve the confidentiality
7  designation. The burden of proof to demonstrate confidential treatment of any information at
8  all times remain with the Designating Party. The parties shall treat the documents as the
9  subject to this Stipulation and Order unless the Designating Party has failed to file a motion
10 within the time allowed or the Court has denied the motion.

11 8.   Before disclosing any document marked "CONFIDENTIAL" or "SUBJECT TO
12 PROTECTIVE ORDER" to any person identified in subparagraph (c) of paragraph 4,
13 counsel of record for the Receiving Party shall advise that person of the terms of this
14 Stipulation and Protective Order and that he or she is bound by those terms. In addition,
15 before disclosing any document marked "CONFIDENTIAL" or "SUBJECT TO
16 PROTECTIVE ORDER" to any person identified in subparagraphs (d) or (f) of paragraph 4,
17 counsel for the Receiving Party shall ensure that the person (1) has read and agrees to the
18 terms of this Protective Order and (2) has acknowledged his or her agreement by signing a
19 copy of the attached Acknowledgment before any such document is disclosed to him or her:

ACKNOWLEDGMENT

> I have read the Stipulation and Protective Order Governing Documents Produced by the Parties in this case. I understand its terms and agree to be bound by the terms of the Protective Order. I understand that my duties under the Protective Order will survive the termination of this case and that failure to comply with its terms may result in the District Court imposing sanctions on me. I consent to personal jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the Protective Order.

27 ///
28 ///

9. Counsel for each party shall retain copies of the Acknowledgment forms executed by persons authorized for access on behalf of that party until this litigation, including all appeals, concludes. Nothing in this Protective Order restricts the Designation Party's own disclosure of documents marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER."

10. Any person receiving access to a document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" shall maintain the document, any copies of the document, and any information derived from the document in a confidential manner and shall take steps to avoid disclosure to persons not authorized under this Order to have access to the documents or information.

11. Within thirty days of the conclusion of this litigation, including all appeals, counsel for the Receiving Party shall destroy or send to counsel for the Designating Party all copies of documents marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER." Notwithstanding this paragraph, however, the parties' attorneys may retain one copy of each document filed with the Court that contains or refers to any of the designated documents. Furthermore, nothing in this paragraph shall be construed to require the parties' attorneys to disclose any attorney work-product to opposing counsel.

12. In connection with a deposition in this case, a witness or any counsel may indicate that a question or answer refers to the content of a document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER." If the indication occurs on the record during the deposition, all persons not authorized to review such documents shall leave the deposition room until completion of the answers referring to the document and the reporter shall mark the transcript of the designated testimony "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER."

13. If any party wishes to submit into the written record of this case any document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" or excerpts from any such document, that party shall seek to submit the document under seal.

14. Nothing in this Stipulation and Protective Order prevents any party from challenging any assertion of privilege by any party, and nothing in this Stipulation and Protective Order constitutes a waiver of any assertion of privilege by any party or precludes any party from moving for consideration of information ex parte and in camera.

15. Anyone found to be in violation of this Order may have sanctions imposed against him or her as the Court may determine and allowable under law and may also be subject to contempt of court proceedings.

Dated this 29th day of March, 2019.

KEMP & KEMP

 /s/ Victoria L. Neal
VICTORIA L. NEAL, ESQ.
Bar No.13382
7435 W. Azure Dr., Ste. 110
Las Vegas, Nevada 89130
*Attorney for Plaintiff Johnny Kendrick*

Dated this 29th day of March, 2019.

CLARK COUNTY
DISTRICT ATTORNEY

 /s/ Scott Davis
SCOTT DAVIS
Deputy District Attorney
Bar No. 10019
500 S. Grand Central Pkwy., Suite 5075
Las Vegas, Nevada 89155
*Attorneys for Defendant Clark County*

**ORDER**

IT IS SO ORDERED.

Dated this 1st day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE